IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-cv-00144-FL

**Gary Swanson**,

           Plaintiff,

v.

**State of North Carolina**,

           Defendant.

**Memorandum & Recommendation**

Plaintiff Gary Swanson is currently the defendant in four criminal matters pending in North Carolina Superior Court related to the alleged violation of the terms of a domestic violence protective order. While being held in pre-trial detention in the New Hanover County Detention Facility, Swanson filed a Complaint against the State of North Carolina. He claims that local law enforcement violated his civil rights and federal anti-trust law in the course of his arrest and prosecution. Swanson seeks an order dismissing the criminal proceedings against him and monetary damages from the State of North Carolina for the alleged violations of his rights.

Pursuant to the Prison Litigation Reform Act, the court is required to review complaints filed by prisoners[1] which raise claims against "governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court is required to identify any cognizable claims contained in the complaint and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a party who is immune from such relief. *Id.* at § 1915(b). By reviewing prisoner complaints, the courts are attempting to effectuate "Congress' dual goals of reducing prisoner

---

[1] Although Swanson is a pre-trial detainee, his Complaint is still subject to screening under the PLRA. Section 1915A(c) defines prisoner to include "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law…."

litigation and, at the same time, preserving meaningful access to the courts for prisoners with potentially meritorious claims." *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009).

Here, it is appropriate for the court to dismiss Swanson's Complaint in its entirety. Under the *Younger* abstention doctrine, the court should decline to exercise jurisdiction over his request that the court enjoin or dismiss the criminal actions pending against him in North Carolina Superior Court. His claim for monetary relief against the State of North Carolina must also be dismissed because the state is not amenable to suit under Section 1983. Finally, Swanson's allegations of a violation of anti-trust law must be dismissed because it is completely lacking in factual support. The court will address each of these claims in more detail below.

Initially, Swanson seeks an order from this court which would require the State of North Carolina to dismiss the criminal proceedings pending against him. However, under the *Younger* abstention doctrine, federal courts should refuse to inhibit the progress of state criminal proceedings "if there is (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Nivens v. Gilchrist*, 319 F.3d 151, 154 (4th Cir. 2003).

All three *Younger* factors are satisfied in this case. First, Swanson's Complaint indicates that there are multiple ongoing state criminal proceedings that were filed well before he initiated this action. Second, "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws." *Id.* at 154. Finally, Swanson has an adequate opportunity to raise issues related to his allegations of coercion and unreasonable searches and seizures in the state court action. Therefore, the court should decline to exercise jurisdiction over

Swanson's request that the court require the dismissal of the criminal claims pending against him in North Carolina's General Courts of Justice and it is recommended that the district court dismiss Swanson's claim for injunctive relief.

Swanson's Complaint also seeks monetary relief from the State of North Carolina under 42 U.S.C. § 1983. Section 1983 provides for liability against "every person" who, under color of state law, violates a plaintiff's constitutional rights. However, the State of North Carolina is not amenable to suit under Section 1983 because it is not a "person" within the meaning of that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Therefore, the court should dismiss Swanson's claim for monetary relief because he has failed to state a claim against the State of North Carolina.

Finally, Swanson claims that the State should be held liable for violations of federal antitrust law. However, the Complaint fails to include any factual allegations whatsoever that would establish such a violation. This claim should also be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to state a claim a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")

Therefore, it is recommended that the district court dismiss Swanson's claim for injunctive relief without prejudice due to lack of subject matter jurisdiction and dismiss his remaining claims with prejudice due to failure to state a claim upon which relief may be granted.

Dated: April 29, 2015

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE

3

Case 7:14-cv-00144-FL   Document 8   Filed 04/29/15   Page 3 of 3