IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:14-CV-144-FL

| | |
|---|---|
| GARY SWANSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the memorandum and recommendation ("M&R") of Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint on frivolity review pursuant to 28 U.S.C. § 1915A(a). No objections to the M&R have been filed and the time to do so has passed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th

Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff, who is incarcerated, filed a complaint asserting claims for injunctive and monetary relief against the State of North Carolina, asserting that defendant violated his civil rights and federal anti-trust law in the course of his arrest and prosecution in four criminal matters pending in North Carolina Superior Court. Plaintiff seeks an order dismissing the criminal proceedings and seeks monetary damages.

Under 28 U.S.C. § 1915A, the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A case is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Upon careful review of the record and the M&R, finding no clear error, the court adopts the cogent analysis contained in the M&R. Plaintiff's claims for injunctive relief impacting his state criminal proceedings must be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971). See Nivens v. Gilchrist, 319 F.3d 151, 152 (4th Cir. 2003). Plaintiff's claims against the State of North Carolina must be dismissed because the State of North Carolina is not amenable to suit under 42 U.S.C. § 1983, and because plaintiff has not alleged factual allegations supporting a claim based upon violations of antitrust law.

## CONCLUSION

Based on the foregoing, upon de novo review of the record and the recommendation in the M&R, the court ADOPTS the recommendation of the magistrate judge, and plaintiff's action is DISMISSED pursuant to 28 U.S.C. § 1915A. The clerk is directed to close this case.

SO ORDERED, this the 20th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge